**AFFIRMED as Modified; Opinion Filed October 8, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-12-01104-CR**
**No. 05-12-01105-CR**
**No. 05-12-01106-CR**
**No. 05-12-01107-CR**

**JULIO CESAR HERNANDEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 416-80341-2011, 416-80342-2011, 416-80475-2012, 416-90735-2011**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice Evans

Julio Cesar Hernandez appeals from his convictions for multiple counts of continuous sexual abuse, aggravated sexual assault, indecency with a child, and sexual performance by a child. In all four causes, Hernandez contends the ineffectiveness of his trial counsel created reversible error. The State responds that Hernandez has failed to overcome the presumption of effective assistance and the record does not support a showing of prejudice. Hernandez also contends the judgment in trial court cause no. 416-80341-2011 incorrectly shows that the jury returned a guilty verdict on Count V of the charge in that cause. The State concedes that there was no guilty verdict on Count V in that cause and agrees that the incorrect portion of the judgment should be vacated. In addition, the State brings a cross-point of error noting that the judgments in trial court cause nos. 416-80341-2011 and 416-80475-2012 erroneously contain

fines not assessed by the jury. After reviewing the record and arguments on appeal, we vacate the trial court's judgment on Count V in cause no. 416-80341-2011. We also strike the portions of the trial court's judgment in Count I of cause no. 416-80341-2011 and cause no. 416-80475-2012 that assess a $10,000 fine. In all other respects, the judgments in all causes before us are affirmed.

In appellant's first point of error, he contends his trial counsel was ineffective for (1) failing to preserve a challenge to the State's peremptory strikes of jury members under *Batson v. Kentucky*, 476 U.S. 79 (1986) and (2) failing to file the juror information sheets with the clerk as part of the record. At trial, after voir dire, the State exercised nine peremptory challenges and appellant exercised ten. Appellant's trial counsel did not object to any of the State's peremptory challenges on the basis that they were racially motivated as prohibited by *Batson*. *Id*. at 96-97.

After hearing the evidence, the jury returned a guilty verdict on the majority of counts presented. Appellant's trial counsel filed a motion for new trial contending only that the verdicts were contrary to the law and the evidence and asking the trial court to grant a new trial in the interests of justice. The clerk's record originally filed with this Court contains no indication of the race or ethnic background of the venire or the members of the jury. Appellant obtained new counsel on appeal who requested a supplemental clerk's record be filed including, among other things, the "juror information forms for the entire panel that was voir-dired." However, no juror forms could be found in the trial court's file.

To succeed in showing ineffective assistance of counsel, an appellant must demonstrate both that his counsel's representation fell below an objective standard of reasonableness and that the alleged deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Appellant bears the burden of proving his counsel was ineffective by a preponderance of the evidence. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App.

1999). There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and was motivated by legitimate trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). The court of criminal appeals has made clear that, in most cases, a silent record which provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *See Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). Counsel should ordinarily be afforded the opportunity to explain his actions before being denounced as ineffective. *See Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim App. 2012). If trial counsel is not given that opportunity, then an appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id*. Claims of ineffective assistance cannot be based on retrospective speculation, but must be firmly rooted in the record. *See Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002).

In this case, the record contains no indication as to why appellant's trial counsel did not object to the State's peremptory strikes or why he chose not to not file the juror information sheets. Even if the juror information sheets revealed that the State used its peremptory strikes to eliminate jurors of a particular race, there is no evidence to rebut the presumption that counsel's decision to not object was reasonable and part of sound strategy. In addition, appellant points to no evidence to suggest that either his counsel's performance or the makeup of the jury had a prejudicial effect on his defense at trial. *See Batiste v. State*, 888 S.W.2d 9, 14 (Tex. Crim. App. 1994) (en banc). We overrule appellant's first point of error.

Appellant asserts a second point of error solely in appellate cause no. 05-12-01104-CR. In his second point, appellant contends the trial court erred in rendering judgment against him on Count V, indecency with a child, in trial court cause no. 416-80341-2011 because the judgment of guilt on that count is not supported by the jury's verdict. The State concedes that the trial

–3–

court erred in rendering judgment against appellant on Count V because the jury convicted appellant on Count IV, sexual assault of a child, of which Count V was a lesser included offense. Because the jury could not, and did not, convict appellant of both the greater and the lesser included offense, the trial court erred in rendering a judgment of guilt on the lesser included offense. Where a judgment improperly reflects the findings of the jury, the proper remedy is the reformation of the judgment. *See Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we sustain appellant's second point of error and vacate the portion of the judgment convicting appellant under Count V in trial court cause no. 416-80341-2011.

Finally, the State raises a cross-point noting that the judgments in cause nos. 416-80341-2011 and 416-80475-2012 assess fines not imposed by the jury. Specifically, the judgments contain $10,000 fines for continuous sexual abuse under Count I in both cases. The jury charge did not provide for the imposition of such a fine and the jury did not assess one. Because the jury verdict does not support the fines, we sustain the State's cross-point and strike the portions of the trial court's judgments assessing fines under Count I in cause nos. 416-80341-2011 and 416-80475-2012.

We affirm the judgments in trial court cause nos. 416-80342-2011 and 416-90735-2011. We modify the judgments in cause nos. 416-80341-2011 and 416-80475-2012 as specified above and affirm as modified.

/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121104F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JULIO CESAR HERNANDEZ, Appellant

No. 05-12-01104-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas
Trial Court Cause No. 416-80341-2011.
Opinion delivered by Justice Evans.
Justices O'Neill and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **STRIKE** the portion of the judgment in Count I assessing a $10,000 fine and **VACATE** the judgment to the extent it renders a conviction of guilt as to Count V.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 8th day of October, 2013.

/David Evans/
DAVID EVANS
JUSTICE

–5–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JULIO CESAR HERNANDEZ, Appellant

No. 05-12-01105-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas
Trial Court Cause No. 416-80342-2011.
Opinion delivered by Justice Evans.
Justices O'Neill and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 8th day of October, 2013.


/David Evans/
DAVID EVANS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JULIO CESAR HERNANDEZ, Appellant

No. 05-12-01106-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 416-80475-2012.
Opinion delivered by Justice Evans.
Justices O'Neill and Lang-Miers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **STRIKE** the portion of the judgment in Count I assessing a $10,000 fine.

As **REFORMED**, the judgment is **AFFIRMED**.


Judgment entered this 8th day of October, 2013.


/David Evans/
DAVID EVANS
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## **JUDGMENT**

JULIO CESAR HERNANDEZ, Appellant

No. 05-12-01107-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas
Trial Court Cause No. 416-90735-2011.
Opinion delivered by Justice Evans.
Justices O'Neill and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 8th day of October, 2013.

/David Evans/
DAVID EVANS
JUSTICE